When an execution issues to a sheriff, he is bound to proceeds by a seizure and sale, without inquiring whether a judgment exists or not, or if it exists, whether it be legal; and if he (155) is bound to sell, it is contradictory to say that none shall purchase. This is the case of a vendee, which distinguishes it from those where it is held necessary to produce the judgment. If there be no judgment, or a void one, or one liable to be vacated for irregularity, or reversed for error, and a plaintiff will take out execution thereon, he is liable for the consequences; and, therefore, when sued, must produce the judgment as well as the execution, in order that the Court may see that it is a good judgment. So, if the sheriff seizes the goods in the possession of a third person (who claims them by a conveyance from the defendant) as still belonging to the defendant, alleging the conveyance to be fraudulent, he must produce the judgment, in order to show that the creditor is a bonafide and a judgment creditor, *Page 140 
and one against whom a conveyance, without a fair and valuable consideration, is fraudulent within the act. The books say strangers to the judgment and execution must produce the judgment, but the meaning evidently is as before stated; for if a third person, a stranger, against whom no imputation of fraud is made, sues the sheriff for a seizure of his goods by execution, neither the judgment nor execution will avail the sheriff, since the execution gave him no authority to seize the plaintiff's goods; and why should the judgment be produced, when it will not avail him who produces it? The vendee is altogether a stranger to the judgment, no way accountable for its irregularity, and need not produce it. If the judgment be reversed after the sale, still he shall retain the property; if so, why require him to produce the judgment, which, although it be reversed and produced with the vacatur, leaves his title unimpeached? The production of the judgment can answer no other purpose but to show that there was a judgment of some sort, good or bad, when the execution issued. But if his title remains, though the judgment be void, is it not equally unaffected, though there be no judgment? That it is so in the first case arises from his having purchased from a public officer, selling under a lawful authority, viz.: the (156) execution which issued from a proper court, and is duly attested; his claim of title in the other case rests on a foundation equally solid.
Were the law otherwise, and vendees liable to lose the property, whenever a judgment should be declared illegal, irregular, or void, but few would purchase at execution sales. Few, indeed, are qualified to form an opinion on that head, could they even inspect the record, which in many instances it would be difficult to do. Thus, where an execution issues from Currituck to the sheriff of Buncombe, must the intended vendee go all the way to the former for a copy of the record to lay before counsel before he dare purchase? There is no necessity for all this, because in all cases of irregular and void judgments, the plaintiff, and not the vendee, is answerable to the person injured; and it is perfectly right that he who is in fault should be exclusively liable, and not the vendee, who is innocent; for if there be no judgment (a circumstance that will seldom occur), the matter can be easily set right by a supersedeas and other remedies.
Is it then advisable to render execution sales, which are the life of the law, subjects of doubt, controversy, and suspicion, for the sake of avoiding an evil, barely possible (and which may easily be rectified if it does occur, though at all times it is little to be apprehended), thereby rendering it dangerous for all men to purchase at these sales, unless they *Page 141 
were convinced of the legality of the judgment; a decree of satisfaction which, in most cases, it would be impossible to attain with certainty?
NOTE. — It is now clearly settled that a person claiming title under an execution sale must produce the judgment as well as the execution; and if the execution be not warranted by the judgment, the sale will not avail to pass the title, though the officer will be protected. Bryan v.Brown, 6 N.C. 343; Whitehurst v. Banks, ibid., 346; Dobson v. Murphy,18 N.C. 586.
(157)